[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced on February 22, 2001, when the plaintiff, Webster Bank, filed a single count complaint seeking foreclosure of a mortgage on certain property owned by the defendants, Wayne R. Neal and Barbara A. Lange f/k/a Barbara A. Neal. In the complaint, the plaintiff alleges that the defendants mortgaged property located at 95 Circle Drive a/k/a 22 Circle Drive Extension, Bantam, to the First Federal Savings 
Loan Association of Waterbury on July 16, 1987, as security for a promissory note in the amount of $60,000. The plaintiff alleges that it is the current owner of the note and mortgage by virtue of an assignment on November 3, 1995. The plaintiff further alleges that the note is in CT Page 8313 default.
The defendant, Wayne R. Neal (Neal) filed an answer and special defenses on April 6, 2001. In his answer, the defendant admits that he owns the property in question and admits the execution and delivery of the promissory note, but claims insufficient knowledge as to all other facts alleged in the complaint. In his special defenses, the defendant Neal alleges that he is: 1) unemployed; 2) the record owner and resident of the property sought to be foreclosed; 3) has not received an emergency assistance loan 4)has not applied for emergency mortgage assistance; and 5) is seeking relief under General Statutes §§ 49-31d, et seq. The defendant also attached an affidavit that in effect attests to the statement set out in his special defenses.
On April 18, 2001, the plaintiff filed a motion to strike the defendant Neal's special defenses. In support of the motion, the plaintiff argues that the special defenses do not address the making, validity or enforcement of the note and mortgage, that the facts alleged arose subsequent to the default and do not relate to the making, validity or enforcement of the note and mortgage. The plaintiff in support of the motion to strike filed a memorandum of law. The defendant has not filed an objection or memorandum of law in response to the plaintiff's motion to strike.
 STANDARD OF REVIEW
"Any adverse party who objects to [a motion to strike] shall, at least five days before the date the motion is to be considered on the short calendar, file and serve . . . a memorandum of law. Practice Book §10-42(b). There is a split among Superior Court judges regarding the effect of this provision. Some have concluded that the filing of the opposing memorandum is mandatory and that the plaintiff's failure to file a memorandum should automatically result in the granting of the motion. See Tersavich v. Stewart, Superior Court, judicial district of Tolland at Rockville, Docket No. 066043 (June 1, 1999, Stengel, J.); Resigna v.State, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086683 (March 8, 1999, Gordon, J.). The majority of those presented with the issue, however, have determined that the trial court has discretion to consider the motion on its merits despite the failure of the party opposing the motion to file a memorandum. See Brouillard v.United Illuminating Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 418595 (June 1, 1999, Silbert, J.); Griffith v.Espada, Superior Court, judicial district of New Britain, Docket No. 489998 (January 25, 1999, Robinson, J.); SNET v. Pagano, Superior Court, judicial district of New Haven at New Haven, Docket No. 409079 (December 24, 1998, Zoarski, J.); Under the majority rule, the court may exercise CT Page 8314 its discretion to consider the merits of the present motion." (Internal quotation marks omitted.) Delmoral v. Tilcon Connecticut, Superior Court, judicial district of Waterbury, Docket No. 155116 (May 12, 2000,Doherty, J.).
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof. Practice Book § 10-39(a). "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378 (1997). The role of the trial court, then, is to examine the pleading, construed in favor of the pleading party, to determine whether it is legally sufficient. See id.
DISCUSSION
To make out a prima facie case in a foreclosure action, a plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51 (1999). The plaintiff; in its complaint, has provided copies of the mortgage agreement and promissory note given by the defendants to the First Federal Savings Loan Association of Waterbury on July 6, 1987. As stated previously, the defendant has submitted no evidence in opposition to the plaintiff's motion. The plaintiff's evidence is therefore undisputed, and the plaintiff has made out a prima facie case.
The defendant's special defense alleges in effect that the defendant is entitled to relief under General Statutes § 49-31d et seq. "[These] sections provide a restructuring of mortgage debt under certain circumstances when a foreclosure defendant is unemployed or underemployed. General Statutes § 49-31e(b) provides that "[a] homeowner who is given notice of the availability of the provisions of sections 49-31d to 49-31i, inclusive, must make application for protection from foreclosure within twenty-five days of the return day.' Our courts strictly construe this time limit. See Nationswide South v.Bartholomew, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156190 (October 22, 1997, Hickey, J.) (20 Conn.L.Rptr. 440); Fleet Bank v. Holmes, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 399662 (January 27, 1992, Satter, J.T.R.) (5 Conn.L.Rptr. 532)."Homeside Lending, Inc. v. Hagaerty, superior court, judicial district of New London at New London, Docket No. 551725 (May 19, 2000,Martin, J.). CT Page 8315
In the present case, the return date was March 20, 2001. A notice informing the defendant of the availability of relief pursuant to General Statutes § 49-31d et seq., accompanied the original complaint. The defendant has failed to file an application pursuant to General Statutes § 49-31e(b) Furthermore, General Statutes § 49-31f(g) provides that "[n]o homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section." By failing to timely file an application for protection from foreclosure and by filing two special defenses, the defendant has waived his right to claim protection under General Statutes §§ 49-31d to 49-31i. Consequently, the special defense is insufficient and should be stricken.
CONCLUSION
The plaintiff has produced sufficient evidence to prove the basic elements of a foreclosure action, and the defendant has offered no evidence in opposition to the motion to strike. The defendant's special defenses are legally insufficient to defeat the plaintiff's motion. Accordingly, the plaintiff's motion to strike is granted.
Cremins, J.